## Ike Price, Plaintiff in Error, v. Chicago Real Estate Index Company, Defendant in Error.

### Gen. No. 21,130.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLI-VAN, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

### Statement of the Case.

Action by Ike Price, plaintiff, against the Chicago Real Estate Index Company, defendant, in the Munici-pal Court of Chicago, to recover damages due to de-fendant's negligence in giving plaintiff incorrect infor-mation as to the ownership of certain real estate whereby plaintiff lost an opportunity of satisfying a judgment. To reverse a judgment for defendant, plain-tiff prosecutes this writ of error.

The defendant furnished, for pay, information to its customers regarding the ownership of real estate. Plaintiff recovered in the Municipal Court against one H. Galowich a judgment for $400, December 10, 1913, and through his attorneys on that day inquired of de-fendant by telephone if Galowich was the owner of the real estate known as No. 3431 W. 38th Place, Chicago. Some one in defendant's office answered by telephone that Galowich was not the owner of said real estate, but one Zuitman was. The attorney asked for a writ-ten report and received it the next day. It is stated that Zuitman was the owner of real estate subject to a trust deed from Zuitman to Haugan, trustee, re-corded August 16, 1912, to secure $2,500 due in various amounts during five years. The report bore the fol-lowing memorandum:

"In furnishing the above information the company assumes no pecuniary liability to the applicant except in case of special written notice that same is to be used in a legal proceeding, in which case an additional fee must be paid, and this report must be signed by an authorized agent of the company."

One of plaintiff's attorneys testified that it was the custom of defendant in its dealings with them to confirm the telephone conversation by such written reports. Plaintiff put in evidence another report sent to his attorneys by defendant, from which it appears that the real estate was conveyed to Zuitman by a deed recorded June 9, 1911; that August 15, 1912, he executed a trust deed to Haugan, trustee, to secure $2,500, which was recorded August 16, 1912; that he conveyed the property to Galowich by deed recorded March 15, 1913, and that Galowich conveyed it to Jacobson by deed recorded January 4, 1914. Defendant was not notified that the information was to be used in legal proceeding, and the report was not signed by an authorized agent of the defendant. The only evidence regarding the title to the real estate was the two reports made to plaintiff by defendant. Each showed a trust deed to Haugan executed by Zuitman, recorded August 13, 1912, to secure $2,500. The first report stated that the Board of Review valued the property at $200 for taxation, which was the only evidence in the record tending to show the value of the property. The second report stated that Zuitman conveyed the property to Galowich by deed recorded March 15, 1913, and that he conveyed it to Jacobson by deed recorded January 8, 1914. It also showed a certificate of levy on an execution against Galowich and that a satisfaction piece was filed, but did not show that the property was sold under the execution against Galowich.

Winston & Lowry, for plaintiff in error.

Bither, Goff & Francis, for defendant in error.

Mr. Justice Baker delivered the opinion of the court.

## Abstract of the Decision.

1. Contracts, § 245*—*when failure to comply with condition defense to action for breach.* In an action to recover for damages

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

due to defendant's negligence in giving plaintiff incorrect information as to the ownership of real estate, whereby plaintiff lost an opportunity of satisfying a judgment, where it appeared that defendant was in the business of supplying such information for hire, and where the written report conveying such information contained a stipulation excusing defendant from pecuniary liability to plaintiff in furnishing the information except on certain conditions, *held* that the stipulation as to liability was part of the contract, and that the conditions named must be complied with to charge defendant with liability.

2. CONTRACTS, § 384*—*when evidence insufficient to show damages from breach.* In an action to recover for damages due to defendant's negligence in giving plaintiff incorrect information as to the ownership of real estate, whereby plaintiff lost an opportunity to satisfy a judgment evidence, *held* insufficient to show that plaintiff was damaged.